IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH STAR INNOVATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-506-LPS-CJB |
| | ) | |
| MICRON TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

1. In this patent infringement action filed by Plaintiff North Star Innovations, Inc. ("Plaintiff" or "North Star") against Defendant Micron Technology, Inc. ("Defendant" or "Micron"), pending is Defendant's motion to dismiss portions of the currently-operative First Amended Complaint ("FAC"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (D.I. 18) More specifically, Defendant moves to dismiss Counts III and IV of the FAC with prejudice; those counts, respectively, allege direct infringement of claim 1 of United States Patent No. 6,127,875 ("the '875 patent") and claim 1 of U.S. Patent No. 5,943,274 ("the '274 patent").[1] (D.I. 16 at ¶¶ 32-56; D.I. 19 at 1) The Motion has been referred to the Court for resolution, (D.I. 6), and was fully briefed on September 19, 2017, (D.I. 23).

2. The standard of review here is the familiar two-part analysis applicable to motions made pursuant to Rule 12(b)(6). *See Raindance Techs., Inc. v. 10x Genomics, Inc.*, Civil Action No. 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (applying the *Twombly/Iqbal* standard to claims of direct patent infringement filed subsequent to the December 2015

---

[1] In addition to the '875 and '274 patents, Plaintiff also asserts two other patents against Defendant: United States Patent Nos. 7,171,526 and 6,465,743. (D.I. 16) Those allegations, found in Counts I and II of the FAC, are not implicated by the Motion.

abrogation of Federal Rule of Civil Procedure 84 and patent pleading Form 18). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the basis for that "entitlement with its facts." *Id.* Thus, a claimant's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

3. In order to adequately allege direct infringement here, Plaintiff needs to have pleaded facts that plausibly indicate that Defendant's accused products practice each of the limitations found in the two asserted claims (which, here, are apparatus claims). *e.Digital Corp. v. iBaby Labs., Inc.*, Case No. 15-cv-05790-JST, 2016 WL 4427209, at *3-4 (N.D. Cal. Aug. 22, 2016); *Raindance Techs., Inc.*, 2016 WL 927143, at *2-3. After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent). *See e.Digital Corp.*, 2016 WL 4427209, at *3; *Atlas IP, LLC v.*

2

*Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016).[2]

4.  With regard to the allegations of infringement of the '875 patent, the accused devices are the Micron 96 GB TLC 3D NAND Flash device and the Micron 4 Gb DDR4 SDRAM device. (D.I. 16 at ¶¶ 34, 41) Asserted claim 1 of that patent claims a "boost circuit having an input terminal and an output terminal" comprising four elements. ('875 patent, cols. 5:9-6:3) In alleging that the accused products infringe the claim, the FAC does little more than parrot back the language of these claim elements and then states that the accused product is comprised of such elements. For example, the first element is that the boost circuit has "a first switch coupled between the input terminal and the output terminal and operated by a first phase signal[.]" (*Id.*, col. 5:11-12) And the FAC alleges only that the accused products have a "charge pump circuit, i.e., 'boost circuit,'" (D.I. 16 at ¶¶ 35, 42), that "includes a first switch that is

---

[2] The Court notes that this conclusion has not been uniformly adopted by all courts. Some courts have declined to require that a plaintiff plead direct infringement on an element-by-element basis. *See, e.g., Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, Civil Action No. 16-cv-11458-DJC, 2017 WL 3795769, at *5 (D. Mass. Aug. 30, 2017) (rejecting defendant's argument that plaintiff's complaint insufficiently pleaded direct infringement of a patent claim where it "merely list[ed] the limitations of [c]laim 1 of the [asserted patent] as present in the LEDs used in [defendants'] products[,]" explaining that "[w]hile it is true that a plaintiff must allege that [d]efendants' product contain all elements of one claim of the allegedly infringed patent . . . further specificity is not required to state a claim"); *Crypto Research, LLC v. Assay Abloy, Inc.*, 236 F. Supp. 3d 671, 685-86 (E.D.N.Y. 2017) (noting that "the extent to which a plaintiff must plead direct infringement element-by-element remains unsettled" and declining to require that plaintiff plead direct infringement of each and every element of the allegedly infringed claims) (citing cases); *cf. Prowire LLC v. Apple, Inc.*, Civil Action No. 17-223, 2017 WL 3444689, at *3 & n.17 (D. Del. Aug. 9, 2017) (noting disagreement among courts as to "whether a plaintiff must make allegations [that] the defendant infringed on every element/limitation of a patent's claim") (citing cases). However, in the Court's view, that standard is not in line with the *Twombly/Iqbal* requirement that plaintiffs must demonstrate a plausible claim for relief at the pleading stage. *See, e.g., Atlas IP, LLC*, 189 F. Supp. 3d at 775 ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement.").

3

coupled between the input terminal and the output terminal, and is operated by a signal having a first phase[,]" (*id.* at ¶¶ 36, 43).

5. The allegations as to infringement of the '274 patent are similar. There, the accused device is the Micron 4 Gb DDR4 SDRAM device. (*Id.* at ¶ 50) Asserted claim 1 of the '274 patent claims an "apparatus for use as an output stage of a memory device" comprising four elements. ('274 patent, cols. 6:63-7:3) In alleging that the accused products infringe the claim, the FAC also, in essence, repeats the wording of these claim elements and then simply states that the accused product is comprised of such elements. For example, the first element is that the apparatus has "a timing circuit" and the last element is that it has "a clock-free latch responsive to the level converter." (*Id.*, cols. 6:65, 7:3) The FAC alleges only that the accused product has "timing circuitry that generates certain timing signals" (as to the "timing circuit" element) and "a clock-free latch circuit that is coupled to, and responsive to, the level converter" (as to the "clock-free latch" element). (D.I. 16 at ¶¶ 52, 55)

6. In the Court's view, a patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element. That amounts to little more than a conclusory statement that "Your product infringes my patent claim." There needs to be some *facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so. *See L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*, Case # 16-CV-06534-FPG, 2017 WL 4652709, at *4 (W.D.N.Y. Oct. 17, 2017) (concluding that plaintiff failed to satisfy the pleading standard for its direct infringement claim where, to the

4

extent that plaintiff's complaint alleged that defendant performed each step of the patent claim at issue, it only did so by "parroting the patent claim and prefacing it with an introductory attribution to [d]efendant" and noting that by "describing [d]efendant's conduct solely in the words of its own patent, [p]laintiff implicitly concludes that [d]efendant's process necessarily meets every element of the patent claim—a legal determination, not a factual allegation"); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) ("Right now, Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified. Plaintiff makes a legal conclusion, to wit, the sales of your products infringe ou[r] patents. This is insufficient to plausibly allege patent infringement."); *cf. Trans Video Elecs., Ltd. v. Netflix, Inc.*, Civil Action No. 12-1743-LPS, 2014 WL 900929, at *3 (D. Del. Mar. 4, 2014).

7.     Clearly, Plaintiff has a view, for example, about what it is that is found within the product accused to infringe the '274 patent that amounts to the required "timing circuit" or "clock-free latch." It would have to have such a view, in order to have a Rule 11 basis to bring the infringement claim as to claim 1 of the patent. *See SIPCO, LLC*, 230 F. Supp. 3d at 353. And so it needs to plead facts that say *something* about what that view is—about what the accused product contains that meets these claim limitations (and the others) and that helps the Court *understand* why it is plausible that this is so. It can do so, for example, by identifying what it is in the accused product that is said to amount to this "timing circuit" and "clock-free latch," and/or pleading facts that explain why it is likely that the accused product has something that could be considered a "timing circuit" and "clock-free latch." *See Raindance Techs., Inc.*, 2016 WL 927143, at *2-3 (assessing, in determining whether a plaintiff had pleaded plausible claims

5

of infringement, whether the plaintiff had, by way of providing simple explanations of the accused products, sufficiently articulated how those products contained certain components required to be utilized by the method claim at issue (such as "a microfluidic system," "two channels," "a junction," "a substrate molecule," "a reagent," and "oil"), and whether the plaintiff had otherwise explained how the requirements of each element of the claim had been met); *see also e.Digital Corp.*, 2016 WL 4427209, at *5 (finding that a plaintiff had not sufficiently pleaded direct infringement of a method claim when it had not sufficiently articulated in its pleading how the accused products practiced one of the claim limitations). If a plaintiff does not do this, how can the Court conclude that it is plausible that the claim limitations are met by the accused product? The Court would basically just have to take Plaintiff's word for it, or assume that Plaintiff must have a good answer that it will later share when it deems the time to be right. That is not what the *Twombly/Iqbal* standard requires.[3]

8. The Court does not believe that to meet this burden, a patentee will necessarily have to provide, along with its complaint, the equivalent of the detailed infringement charts that are called for by typical initial patent disclosures in this District. *See SIPCO, LLC*, 230 F. Supp. 3d at 353 n.2 ("I think Defendants go too far in saying or implying Plaintiff has to produce infringement contentions."); *see also* (D.I. 22 at 13). Some patents and patent claims may

---

[3] Plaintiff states, with regard to claim 1 of the '274 patent, that "Micron knows its own products [and] knows whether the accused product contains the various circuitries as North Star alleges, and it knows whether those circuitries are structured and operate as North Star specifically alleges." (D.I. 22 at 11) But to the extent that Plaintiff is suggesting that *it* is not required to say what it thinks it is about the accused products that infringe the asserted claims, that is just not correct. Even if Defendant might make an educated guess as to what it is about its products that Plaintiff thinks leads to infringement, the rules are set up in such a way that Defendant does not have to guess. Plaintiff has to take the guesswork out of things by pleading facts that plausibly allege infringement.

6

require the patentee to provide more detail than others. The Court can imagine that as to some types of straightforward apparatus claims, for example, simply setting out what the patent claims require and then reproducing a picture of an accused product (perhaps with a little explanation of what is depicted) might be all that is needed. As to other apparatus claims, such as those implicating more complicated technology like that at issue here, more is likely going to be necessary. That "more," though, may not necessarily require provision of "circuit schematics, reverse engineering reports, product images, data sheets and 'tear down' reports[,]" (*id.* at 11), as Plaintiff suggests. *See SIPCO, LLC*, 230 F. Supp. 3d at 353 ("Plaintiff does not have to allege everything it has, but it does have to write a complaint (construing the allegations in the light most favorable to the plaintiff) that makes it plausible to think a defendant has infringed at least one claim of any asserted patent."). It may simply require some factual explanation for what it is about the product that leads Plaintiff to think it has the required elements.

9. In its briefing, Plaintiff requests leave to amend should the Court grant this Motion. (D.I. 22 at 15) Defendant argues that the claims should be dismissed with prejudice because Plaintiff "already has had two chances to allege well-pleaded claims for infringement of the '875 and '274 [p]atents" (i.e., the filing of the Complaint and the FAC). (D.I. 19 at 9) But this is the first time that a court has found Plaintiff's claims deficient and put it on notice as to why this was so.[4] Because of that, in light of the fact that leave to amend should be given freely

---

[4] Defendant repeatedly cites to *IpVenture Inc. v. Lenovo Grp. Ltd.*, Civil Action No. 11-588-RGA, 2013 WL 126276 (D. Del. Jan. 8, 2013), in support of the notion that dismissal here should be with prejudice. (D.I. 19 at 3, 9-10) But in that case, the district court had already previously dismissed without prejudice the same allegations at issue; when the plaintiff could not subsequently improve upon those same allegations in a revised pleading, that convinced the district court that it was "clear that Plaintiff cannot satisfactorily amend its Complaint[,]" such that dismissal with prejudice was warranted. *IpVenture Inc.*, 2013 WL 126276, at *3.

7

"when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and because dismissal with prejudice is "rarely" a proper sanction, *see Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1334 (Fed. Cir. 2009) (citing Third Circuit case law), the Court recommends that Plaintiff be given leave to file one further amended complaint addressing the deficiencies outlined above.

10.  For the foregoing reasons, the Court recommends that the Motion be GRANTED without prejudice. The Court also recommends that, to the extent the District Court affirms this recommendation, it permit Plaintiff 14 days to file a further amended complaint addressing the deficiencies cited herein.

11.  This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006). The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: November 16, 2017

*[signature]*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE